UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID G. BENNER #313057,

    Plaintiff,                            Case No. 07-11606

v.                                        District Judge Paul V. Gadola
                                         Magistrate Judge R. Steven Whalen

RICHARD CARRILL, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before this Court is Defendants Patten and Carrill's *Motion for Summary Judgment Based on Absence of a Genuine Issue and Immunity* [Docket #13], filed July 2, 2007, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendants' motion be GRANTED, dismissing all claims against them WITH PREJUDICE.

## I. BACKGROUND FACTS

Plaintiff, currently a Michigan Department of Corrections ("MDOC") prisoner, filed this *pro se* suit on April 9, 2007 alleging constitutional violations pursuant to 42 U.S.C. §1983 as well as violations under the Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Michigan Handicappers' Civil Rights Act ("MHCRA").

Plaintiff alleges that subsequent to his May 2000 plea bargain agreement to one count of third degree criminal sexual conduct, Defendant Patten, a supervisor within the state parole/probation department, assigned the preparation of the a pre-sentence report to her subordinate, Defendant Conner.[1] *Complaint* at ¶¶28-29. Plaintiff alleges that "Defendant Conner, in his position of influence over the Court, withheld mitigating documents, statements, [and] facts from the [pre-sentence] investigation report," instead including "unfounded, hearsay allegations," resulting in a "harsh" prison sentence which lessened his chances of parole. *Id*. at ¶30. Claiming "due process" violations, Plaintiff attributes his 2004, 2005, and 2006 parole denials to the unfavorable pre-sentence report. *Id.* at ¶31.

Plaintiff alleges that in August 2001, after Defendant Patten was ordered to "clean up" the original pre-sentence report, she submitted an amended copy to the Court but "failed to transmit the corrected report to the MDOC." *Id*. at ¶¶38-39. Plaintiff claims that as a result, he was "denied access to adequate and correct therapy for his mental disorder," resulting in numerous denials of requests for admission into sex offender therapy. *Id.* at ¶41.

Plaintiff acknowledges that he was admitted into sex offender therapy ("SOT") in October 2002, but alleges that his 61 therapy sessions were tainted by Defendant Patten's failure to transmit the amended pre-sentence report to therapist, Defendant Carrill. *Id.* at ¶43. Plaintiff claims further that the uncorrected pre-sentence report was distributed to other prisoners during group therapy and was unfairly used to assess Plaintiff's capacity for

---

[1]At the time of this Report's filing, Defendant Conner has not been served.

truthfulness. *Id.* at ¶46. Plaintiff alleges that Defendant Carrill's "Therapy Termination Report" resulted in parole denials. *Id.* Plaintiff also claims that because of the release of the pre-sentence report and personal information to other members of his therapy group, he was threatened by other prisoners "on yard," suffering mental anguish as a result. *Id*. at ¶47-50. He alleges that Defendant Carrill "offered a 'good' psychological report in exchange for admissions" consistent with the information in the pre-sentence report, characterizing Defendant Carrill's offer as "Fifth Amendment blackmail," alleging further that offer was made after Plaintiff complained to prison authorities about the therapist's disclosing of his confidential information to other inmates. *Id*. at ¶52.

Plaintiff requests monetary damages as well as injunctive relief requiring Defendants to grant him "immediate access" to psychological programs based on the amended pre-sentence report, as well as a correction of his "flawed Therapy Termination Report." *Complaint* at pg. 15.

**STANDARD OF REVIEW**

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether,

as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley,*—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all

reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

# III. ANALYSIS

Present Defendants argue first that because "sexual behavior disorders," including Plaintiff's alleged molestation of underage family members, do not qualify as a "disability," ADA and RA claims should be dismissed. *Docket #13*; *Hawkins v. Michigan Parole* Board, 1999 WL 506996, *1 (6th Cir. 1999);42 U.S.C. at 12211(b)(1). They also argue in effect that Plaintiff's right against self-incrimination was not violated by Defendant Carrill's recommendation that he acknowledged criminal activity not pled to in order to receive a more favorable termination report. Defendants further submit that to the extent the present claim attributes his five to fifteen-year sentence to Defendant Patten's involvement in his pre-sentence report, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Finally, Defendants note that claims against them in their official capacities for monetary damages are barred by the Eleventh Amendment.[2]

### A. Sexual Behavior Disorders

Plaintiff, incarcerated for third degree criminal sexual conduct involving an underage relative, argues that his condition constitutes a disability. However, under 42 U.S.C. § 12211(b), "disability" does not include "sexual behavior disorders" such as pedophilia. *Hawkins v. Michigan Parole* Board, 1999 WL 506996, *1 (6th Cir. 1999). Likewise, 29 U.S.C. §705(20)(F) states explicitly that pedophilia does not constitute a disability. *See also,*

---

[2]Because the present action is subject to dismissal based on the arguments set out here, the Court need not discuss Defendants' additional arguments for dismissal.

*Rice v. Michigan Dept. of Corrections,* 2007 WL 3471864,*5 (W.D. Mich. 2007); *Stanley v. Litscher,* 213 F.3d 340, 344 (7th Cir.2000). Accordingly, Plaintiff's ADA and RA claims that he has been denied appropriate treatment for his "sexual behavior disorder" must fail.[3]

**B. Defendant Carrill**

Plaintiff's allegation that Defendant Carrill's "Therapy Termination Reports" resulted in his parole denials fails to state a claim of constitutional magnitude. This Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown* 27 F.3d 1162, 1164 -1165 (6th Cir. 1994); *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). The *Sweeton* court also found that as "long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules." *Id.*; *Olim,* 461 U.S. at 249, 103 S.Ct. at 1747. "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom* 149 F.Supp.2d 319, 322 (E.D.Mich. 2001) (internal citations omitted).

---

[3] Because Plaintiff's federal claims are dismissible on their merits, the Court lacks jurisdiction over the remaining state claims under MHCRA. Further, Plaintiff has failed to state a RICO claim, which requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285 (1985). *See also, Dallas v. Holmes,* ,2005 WL 1313801, *6 (C.A.6 (6th Cir. 2005)(Dismissal appropriate because plaintiffs "did not allege with any degree of particularity the elements necessary to prevail on a RICO claim.")

"The Michigan parole statute does not create a right to be paroled." *Id.*; *Hurst v. Dep't of Corr. Parole Bd.,* 119 Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982).

Plaintiff also argues that Defendant Carrill placed him in an untenable situation by requiring him to acknowledge criminal sexual conduct other than acts admitted to in his guilty plea in order to obtain a favorable termination report. However, because Plaintiff cannot allege harm beyond the possible denial of parole, pursuant to *Sweeton*, this claim is dismissible. Furthermore, in *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 286, 118 S.Ct. 1244, 1252, 140 L.Ed.2d 387, the Court found there was no Fifth Amendment violation where the respondent was asked to admit guilt in a voluntary proceeding:

> "Assuming also that the Authority will draw adverse inferences from respondent's refusal to answer questions-which it may do in a civil proceeding without offending the Fifth Amendment, we do not think that respondent's testimony at a clemency interview would be compelled within the meaning of the Fifth Amendment. It is difficult to see how a voluntary interview could compel respondent to speak. He merely faces a choice quite similar to the sorts of choices that a criminal defendant must make in the course of criminal proceedings, none of which has ever been held to violate the Fifth Amendment."

(Internal citations omitted).

Likewise, Plaintiff's claim that Defendant Carrill's actions were directly responsible for his emotional distress fails to state an Eighth Amendment claim. Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of *physical* injury." (Emphasis added).

    **C.**    ***Heck v. Humphrey***

In addition, Plaintiff's claims that Defendant Patten acquiesced in Defendant Conner's preparation of a pre-sentence report resulting in a "harsher sentence" and to "cause [him] future harm regarding eligibility for parole consideration," are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Complaint* at ¶30. In *Heck*, the Supreme Court held that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004).

To prevail on the present claim against Defendant Patten would imply the invalidity of Plaintiff's plea-based conviction, which has not been set aside.[4] Further (although not argued by Defendants) even assuming that Patten was directly responsible for the original pre-sentence report, she is nonetheless entitled to absolute immunity. "[P]robation officers

---

[4]On May 20, 2005, the trial court issued an order acknowledging inaccuracies in the original pre-sentence report, noting however, that because "the Court did not rely on any inaccurate information contained in the PSIR, the Defendant is not, and was not, entitled to re-sentencing."*Docket #13*, Exhibit A-1.

who prepare presentence reports are closely associated with the exercise of a judicial function and [are] entitled to absolute immunity." *Horton v. Martin*, WL 1384306, *2 (6th Cir. 2005); *Young v. Selsky,* 41 F.3d 47, 51 (2d Cir.1994).

**D.  Official Capacity Claims**

Plaintiff's claims for monetary damages against Defendants in their official capacities, *i.e*, in their capacity as agents of the state under 42 U.S.C. §1983, are subject to dismissal on the basis of immunity conferred by the Eleventh Amendment.  "[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Price v. Caruso,* 451 F.Supp.2d 889, 902 (E.D.Mich.2006)(Friedman, J.); *(citing to Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).  Further, although immunity from suit "does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law," *Ernst v. Rising,* 427 F.3d 351, 358 -359 (6th Cir. 2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908), Plaintiff has not demonstrated that he has a constitutional right to the injunctive relief requested, such as additional psychological treatment, or a corrected version of Defendant Carrill's "flawed" termination report.  As noted in FN 4, the trial court has already ordered the issuance of an amended pretrial report.  Accordingly, official capacity claims against Defendants Patten and Carrill should be dismissed.

### IV.  CONCLUSION

For these reasons, I recommend that Defendants' motion be GRANTED, dismissing all claims against them WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 25, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 25, 2008.

                                                   S/G. Wilson  
                                                   Judicial Assistant